# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

No. 21-10544
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES LEON HIGGINS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-15-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

James Leon Higgins appeals his guilty plea conviction for possessing a firearm following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and his above-guidelines sentence of 64 months in prison. He raises arguments relating to the constitutionality of § 922(g)(1) and the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10544

sufficiency of the factual basis in support of his guilty plea.  The Government has filed a motion for summary affirmance, which Higgins does not oppose. In the alternative, the Government seeks an extension of time to file its brief. For the following reasons, we dispense with further briefing and AFFIRM.

First, Higgins argues that § 922(g)(1) is unconstitutional as interpreted by this court, as there is no requirement to show that the weapon crossed state lines in the furtherance of interstate commerce or that the defendant's possession resulted from an engagement in interstate commerce. As he concedes, these arguments are foreclosed.  *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

Higgins next argues that the factual basis in support of his guilty plea is insufficient because it does not establish that he knew that the firearm had traveled in interstate commerce.  We have concluded that a § 922(g)(1) conviction does not require proof that a defendant knew that the firearm had traveled in interstate commerce. *See United States v. Dancy*, 861 F.2d 77, 81 (5th Cir. 1988).  Higgins does not articulate any argument that this specific holding in *Dancy* has been unequivocally overruled by *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019). *See Alcantar*, 733 F.3d at 145–46 (discussing this court's rule of orderliness).

In light of the foregoing, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file an appellate brief is DENIED as unnecessary, and the judgment of the district court is AFFIRMED.